UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEWART DAY, | : |
|     Plaintiff, | : |
| v. | :   CASE NO. 3:09CV1079(RNC) |
| VLADIMIR BENISOVICH, | : |
|     Defendant. | : |

RULING ON MOTION FOR RECONSIDERATION

Pending before the court is the defendant's Motion for Reconsideration, doc. #32.  The standard for granting a motion for reconsideration is "strict."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  Martin v. Dupont Flooring Sys., No. 3:01 CV 2189(SRU), 2004 U.S. Dist. LEXIS 9373, *3 (D. Conn. May 25, 2004)(internal citations omitted).  None of these factors have been satisfied.  Rather, defendant objects to the court's ruling (docs. #28 and #30), granting defendant's Motion for Disclosure of Assets (doc. #5), on grounds he could have advanced at a number of stages earlier in the proceedings: at a status conference before the hearing (doc. #11), in his pre-hearing brief (doc. #13), at the hearing (doc. #18), or in a post-hearing brief (doc. #20).  A party cannot seek reconsideration "to plug gaps in an original argument or to argue

in the alternative once a decision has been made." <u>Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.</u>, 928 F. Supp. 287, 289 (S.D.N.Y. 1996)(internal quotation marks and citations omitted).  The defendant's Motion for Reconsideration, doc. #32, is DENIED.

Even if the court were to reconsider, it would adhere to its prior ruling.  The defendant did not offer evidence or even argument to show that plaintiff's insurance payments constitute a collateral source under Conn. Gen. Stat. §52-225a which would entitle defendant to a reduction of plaintiff's recovery after trial.  Neither was there any evidence or argument as to whether the insurance payments fall within the exception for "a collateral source for which a right of subrogation exists." Conn. Gen. Stat. §52-225a(a).  Finally, the parties should note that even if these payments did constitute a collateral source which would reduce the amount of the plaintiff's recovery, the court could entertain a motion to modify the prejudgment remedy issued.  Conn. Gen. Stat. § 52-278k.

SO ORDERED at Hartford, Connecticut this 26th day of May, 2010.

                                             /s/
                                   Donna F. Martinez
                                   United States Magistrate Judge